# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| | : | **Criminal Action No. 1:05-CR-114** |
| v. | : | |
| | : | (Chief Judge Kane) |
| **BURTON F. TUCKER,** | : | |
| Defendant | : | |

## MEMORANDUM ORDER

On August 21, 2006, this Court sentenced Defendant Burton F. Tucker to a twelve-month term of imprisonment, a special assessment of $100, restitution in the amount of $519,734, and a three-year term of supervised release to commence upon his release from imprisonment. On July 27, 2007, Tucker, acting pro se, filed a petition for modification of fines, costs, and/or restitution, alleging that he was in financial hardship. (Doc. No. 68.) On November 5, 2008, the Court denied Tucker's motion. (Doc. No. 70.) On January 16, 2009, Tucker filed a motion to dismiss the case under Federal Rule of Civil Procedure 60(b)(4). (Doc. No. 71.) On August 4, 2009, Tucker filed another motion to dismiss, and on December 2, 2009, Tucker filed a third motion to dismiss. (Doc. Nos. 76, 77.) On December 23, 2009, the Court denied all motions to dismiss, explaining that Tucker's criminal conviction cannot be revoked by virtue of Federal Rule of Civil Procedure 60(b). (Doc. No. 78.) Leniently construing Tucker's pro se filings, the Court also considered whether the relief Tucker requested was available under the alternative possibilities of Federal Rules of Criminal Procedure 12(b)(3) or 33(b). Because Tucker's challenge to the indictment came more than a year after a knowing and voluntary guilty plea, neither avenue was available for him to challenge his conviction. (Id.) The Court also considered and rejected the possibility that Tucker could receive relief under the post-conviction remedies provided for in 28 U.S.C. § 2255. Though a motion to vacate pursuant to § 2255 would be a

viable option to obtain his desired relief, the one-year statute of limitations, with respect to which Tucker has provided no reasons for equitable tolling, barred his § 2255 motion then and continues to do so now.

Tucker attempts now to raise the same arguments he raised in the prior motions to dismiss under the guise that the motion qualifies as an "independent action" which this Court has power to entertain pursuant to Federal Rule of Civil Procedure 60(d). Fed. R. Civ. P. 60(d) ("This rule does not limit a court's power to . . . entertain an independent action to relieve a party from a judgment, order, or proceeding."). Specifically, he alleges that his conviction is invalid "because the IRS has not legally or actually assessed an income tax on Form 4340 which is required under the statute and several court decisions," therefore no taxes were owing to the IRS. (Doc. No. 79 at 2.) Tucker asserts that <u>United States v. Beggerly</u> entitles him to raise his challenge to his conviction as an independent action because, were the judgment to stand, it would be a grave miscarriage of justice. <u>United States v. Beggerly</u>, 524 U.S. 38, 45-46 (1998) ("Independent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata.").

Tucker's claim must be denied because independent actions are equitable actions, to be made only when there is no other remedy at law, and § 2255 provides an adequate remedy at law for Tucker. <u>Beggerly</u>, 524 U.S. at 45; <u>United States v. Rines</u>, 344 Fed.Appx. 729, 731 (3d Cir. 2009) (unreported opinion). Section 2255 is the presumptive means by which "federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 is not inadequate

merely because Tucker cannot meet the "stringent gate-keeping requirements," namely, the statute of limitations. Okereke, 307 F.3d at 120. Put otherwise, "[i]t is the efficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States ex rel Miner, 290 F.3d 536, 538-39 (3d Cir. 2002). The relief sought by Tucker falls directly within that which § 2255 is designed to address because he seeks to challenge his conviction on the basis of insufficient evidence of proof of his guilt. Accordingly, the Court cannot allow Tucker to evade the Congressionally-mandated gate-keeping requirements of § 2255 by bringing his claim as an independent action. The Court also cannot transform the motion into one pursuant to § 2255 because, as stated in the Court's previous order, the statute of limitations for § 2255 relief on Tucker's conviction has run.

Moreover, were the Court to consider the merits, the Court finds that Tucker's claim would fail. Tucker entered a guilty plea on July 5, 2005. He does not allege that the guilty plea was unknowing or involuntary. The Supreme Court has held that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 266 (1973); United States ex rel. Johnson v. Russell, 444 F.2d 1177, 1178 ("[W]hen a defendant pleads guilty upon the advice of competent counsel, he waives prior constitutional infirmities and 'assumes the risk of ordinary error in either his or his attorney's assessment of the law and facts.'" (quoting McMann v. Richardson, 397 U.S. 759, 774 (1970))). Thus, when Tucker pleaded guilty voluntarily and upon effective assistance, he waived all non-jurisdictional arguments, including the deprivation of constitutional rights. United States v. Palmer, 574 F.2d

164, 167-68 (3rd Cir. 1978) ("[E]rrors and defenses which go to the jurisdiction of the court to accept a guilty plea may be raised even after the plea has been entered."). The indictment, a copy of which is included on the record, clearly alleges all necessary facts for this Court to have had jurisdiction over the case. United States v. Whited, 311 F.3d 259, 262 (3d Cir. 2002) ("We consider an indictment sufficient if, when considered in its entirety, it adequately informs the defendant of the charges against her such that she may prepare a defense and invoke the double jeopardy clause when appropriate."). The indictment charges Tucker with three counts of tax evasion pursuant to 26 U.S.C. § 7201 and provides the circumstances of the allegations. (Doc. Nos. 1, 5.) Tucker pleaded guilty, eliminating the Government's burden to provide him, or the Court, with proof of the charges included in the indictment. Tucker has neither raised a colorable claim that jurisdiction was lacking or that a miscarriage of justice occurred. Although he invokes the term "jurisdiction" and asserts that the absent IRS forms resulted in a violation of his constitutional rights, that does not a jurisdictional infirmity or constitutional violation make.

Accordingly, Tucker has failed to establish not only the requisite miscarriage of justice necessary to support an independent action, but also that he has a valid claim for relief from his conviction under any other statute or cause of action.

**AND NOW**, on this 17th day of June 2010, for the reasons stated in the foregoing, upon consideration of Tucker's motion for independent action (Doc. No. 79), **IT IS HEREBY ORDERED THAT** the motion is **DENIED.**

                                           S/ Yvette Kane
                                           Yvette Kane, Chief Judge
                                           United States District Court
                                           Middle District of Pennsylvania